■ In the Matter of DAVID RIFKIN, Deceased. RUBY SCHWARTZ et al., Respondents; RODNEY R. RIFKIN, Appellant; CAROLYN HARTUNG, Guardian ad Litem.—In a probate proceeding, Rodney R. Rifkin appeals from a decree of the Surrogate's Court, Westchester County (Brewster, S.), dated October 10, 1989, which, *inter alia*, after a hearing, adjudged that the appellant was not a distributee of the decedent, and admitted the will to probate.

Ordered that the decree is reversed, on the facts, with costs payable by the estate, the admission of the will to probate is vacated, and the appellant is declared the son of the decedent entitled to object to the probate of the will; and it is further,

Ordered that the matter is remitted to the Surrogate's Court, Westchester County, for further proceedings.

The decedent, David Rifkin, died on January 31, 1988, and the petitioners presented his purported will for probate in the Surrogate's Court, Westchester County. The appellant, alleging that he was the son of the decedent, filed certain objections to the probate of the will. The petitioners moved to dismiss the objections, challenging the appellant's status as the decedent's son.

At the hearing, the Surrogate's Court (Brewster, S.) held that the objectant was not a distributee of the decedent on the ground that (1) the objectant's mother was not the wife of the decedent by virtue of an alleged common law marriage entered into in Rhode Island, and (2) that the objectant had failed to establish in accordance with EPTL 4-1.2 (a) (2) (C) that he was the son of the decedent, in that he failed to establish the decedent's paternity by clear and convincing evidence and that the decedent had openly and notoriously acknowledged him as his son.

On appeal, the objectant challenges these findings of the court, contending that he adduced sufficient evidence at the hearing to sustain the statutory burden of proof.

We agree with the objectant's contention that at the hearing he established by clear and convincing evidence that he was the child of the decedent, born out of wedlock, and that the decedent openly and notoriously acknowledged him as his child *(see,* EPTL 4-1.2 [a] [2] [C]; *Buildex Inc. v Kason Indus.,*

849 F2d 1461; *Estate of Campbell,* NYLJ, Mar. 7, 1984, at 11, col 2). We find that the objectant adduced sufficient evidence to sustain the burden of proof and that the findings of the court on this issue were against the weight of the evidence *(see, Baird v Mayor of City of N. Y.,* 96 NY 567).

The objectant's other contention is without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.